# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts — (Rev 2020)

**Court Identification Docket #:** 30 / 19 / CI / 2023 / 00156
**Local Docket ID:** _____
**Date:** 09/26/23 (Month/Date/Year)
*This area to be completed by clerk*
*Case Number if filed prior to 1/1/94:* _____

In the **CIRCUIT** Court of **JACKSON** County — Judicial District _____

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First

Individual: **CROCKETT**, **NATALIE**
(Last Name, First Name, Maiden Name, M.I., Jr/Sr/III/IV)

Address of Plaintiff: c/o Webster Vicknair MacLeod, 6200 Savoy Dr. Suite #150, Houston TX 77036

Attorney (Name & Address): Jason C. Webster, Webster Vicknair MacLeod, 6200 Savoy Dr., Ste. 150, Houst[on]
MS Bar No. 100920

**Defendant**
Business: **CENTAURI SPECIALTY INSURANCE COMPANY**

**Nature of Suit:** [X] Breach of Contract

6200 Savoy, Suite 150  
Houston, Texas 77036  
713-581-3900  
713-581-3907 Fax  
877-403-4501 Toll Free

† Licensed in Texas  
◊ Licensed in Mississippi  
◊ Licensed in New York  
Ω Licensed in Pennsylvania  
£ Licensed in Oklahoma  
μ Licensed in Illinois  
ε Licensed in California  
€ Licensed in New Jersey

Jason C. Webster †◊Ωε μ  
Heidi O. Vicknair †  
Ryan S. MacLeod † Ω  
Chelsie King Garza †◊ε  
Christian Tovar †ε  
Max Evan Fry †  
Brett O. Hargis  
Kathryn H.S. Hiett †



WEBSTER VICKNAIR MACLEOD  
www.wvmlaw.com

Of Counsel:  
Russell Serafin †  
Robert Barringer †

September 22, 2023

**FILED**

**SEP 26 2023**

RANDY CARNEY, CLERK  
BY_____D.C.

**_Via USPS CMRRR #9414811206203692082040_**  
Jackson County Circuit Clerk  
PO Box 998  
Pascagoula, MS 39568

Re:   *Natalie Crockett v. Centauri Specialty Insurance Company*  
      **New Case Filing – Original Complaint**

To the Clerk of the Court:

Please find enclosed the following:

1. Original and one (1) copy of **Plaintiff's Original Complaint**;
2. Civil Case Cover Sheet;
3. Original and one (1) copy of Summons; and
4. Check # 8314 in the amount of $161.00 for case initiating fee.

Please file the original Complaint in the above matter. Please return a file-marked copy of the same as well as the signed Summons to our office. Enclosed for your convenience is a prepaid return envelope.

Should you have any questions, please do not hesitate to call our office. We can be reached Monday through Friday between the hours of 8:00AM and 5:00PM CST at (713) 581-3900 or via email at filing@wvmlaw.com.

Sincerely,

Kelsey Nibert  
Legal Assistant to Jason C. Webster  
Webster Vicknair MacLeod

WVM #300280  
Encl: as stated

THE WEBSTER LAW FIRM

Jackson Circuit Clerk                                          9/22/2023

Complaint Fee-MS Storm Litigation:Crockett, Natalie

8314

161.00

23-156 (KJ)

Stellar Operating      Complaint Fee-MS Storm Litigation:Crockett, Nat

161.00

PRODUCT SSLT104   USE WITH 91683 ENVELOPE   Deluxe Corporation 1-800-328-0304 or www.deluxe.com/shop

D8JD1W  CHIKDK03  03/06/2023 05:09  -188-
2990931200

**CIRCUIT - CIVIL**   HANDED ☐
Nº 42792   MAILED ☑   Date Sept. 26, 23

Received Of _The Webster Law Firm_

Cause No. _23-156 (KJ)_

For: 
- Clerk's Fees ............ $85.00
- JSO Fund ............... $40.00
- Steno Tax .............. $10.00
- Jury Tax ................ $3.00
- Law Library ............ $2.50
- SCEF ................... $2.00
- Court Adm. Fund ....... $2.00
- CECSF .................. $10.00
- CLAF ................... $5.00
- SCCF ................... $0.50
- RM FEE ................. $1.00
- Copy of Summons Return ...... 
- Other Advance Cost ..........
- TOTAL .................. $161.00

Total Amount Paid $ _161.00_   Check No. _8314_

For _New Complaint_

**RANDY CARNEY**
CIRCUIT CLERK OF JACKSON COUNTY

By _Melissa Lanning_
DEPUTY CIRCUIT CLERK

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**NATALIE CROCKETT**            **PLAINTIFF**

**VS.**          **CASE NO.:** 23-156 (KJ)

FILED
SEP 26 2023
RANDY CARNEY, CLERK
BY_____D.C.

**CENTAURI SPECIALTY**
**INSURANCE COMPANY**          **DEFENDANT**

### COMPLAINT
(Jury Trial Requested)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Natalie Crockett, Plaintiff in the above entitled and numbered cause, complaining of and against Centauri Specialty Insurance Company, Defendant herein, and for cause of action would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

**1.**

Discovery is intended to be conducted under Miss. R. Civ. P. 26.

### II. PARTIES

**2.**

Plaintiff **NATALIE CROCKETT** is an adult resident of the County of Jackson, in the State of Mississippi.

**3.**

Defendant **CENTAURI SPECIALTY INSURANCE COMPANY** is an insurer domiciled in the State of Florida who is authorized to do and is doing business in the State of Mississippi and the County of Jackson, which may be served through its Registered Agent for Service of Process, Renee Caldecott, 840 Trustmark Building, 248 E. Capitol Street, Jackson,

MS 39201.

### III. VENUE AND JURISDICTION

**4.**

Venue is proper pursuant to Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev.2004).

### IV. RELEVANT FACTS

**5.**

At all relevant times, Plaintiff owned the property located at 13812 Deneen Road, Vancleave, MS 39565 (the "Property").

**6.**

At all relevant times, Centauri Specialty Insurance Company provided a policy of insurance, number CHP2002319 (the "Policy"), to Plaintiff which covered the Property against perils including wind and provided the following coverages: $254,578.00 for Dwelling; $5,092.00 for Other Structures; and $76,373.00 for Personal Property.

**7.**

On or around October 28, 2020, Hurricane Zeta made landfall, causing damage across Louisiana and south Mississippi and extending to Plaintiff's Property in Jackson County, Mississippi.

**8.**

As a result of the storm, Plaintiff's Property sustained significant damage, specifically involving, but not limited to, damage to the roof and siding as well as interior damage caused by water intrusion due to the external damages.

**9.**

Plaintiff promptly reported the loss to Centauri Specialty Insurance Company, who

assigned it claim number CL20206359 (the "Claim").

**10.**

Plaintiff does not have a copy of the estimate performed by Defendant for the Property. The information related to the Defendant's estimate of the Property and the estimate itself will be requested through discovery.

**11.**

The inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**12.**

Upon realizing that Defendant would not adjust her claim fairly or accurately, Plaintiff retained independent adjuster Exact Building Consultants, Inc. to inspect the Property and value her damages.

**13.**

Exact Building Consultants, Inc. inspected the Property on or about June 9, 2022, and documented $135,278.14 in damages to the Dwelling.

**14.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**15.**

No further payments have been made.

**16.**

Defendant has filed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to rely entirely on the incorrect

assumptions and conclusions of its agents, employees, or consultants.

**17.**

Defendant has persisted in refusing to pay the full amount due to Plaintiff's claim. No reasonable basis exists or has existed at any time for Defendant's delay and/ or refusal to provide covered benefits due and owing under the Policy.

**18.**

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to repair of the Property.

**19.**

At all relevant times, Plaintiff has complied with her obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

**20.**

Upon information and belief, Defendant purposefully and/ or negligently failed to timely tender benefits due to Plaintiff after having received satisfactory proof of loss.

**21.**

Upon information and belief, Defendant purposefully and/ or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

**22.**

Upon information and belief, Defendant conducted the investigation and claims handling for Plaintiff in bad faith, as that term is used in conjunction with Mississippi's insurance code.

**23.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**24.**

Upon information and belief, Defendant purposefully and/ or negligently failed to include adequate overhead and profit in its estimates of damages.

**25.**

Plaintiff has incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate her for her substantial and covered losses.

**26.**

As a result of Centauri Specialty Insurance Company failure to timely and adequately compensate Plaintiff for her covered loss, she was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

**27.**

At and during the time of the acts and/ or omissions complained of herein, any acts and/ or omissions committed by an agent, representative, or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant. Defendant is therefore liable to Plaintiff for the acts and/ or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## V. CAUSES OF ACTION

### A. Breach of Contract

**28.**

Plaintiff realleges and re-avers the allegations contained in paragraphs 1-27, above, as if

restated herein.

**29.**

Defendant owes a duty to its policyholder to make prompt and proper payment for all claims, to make its policy limits available to insured for losses. These duties arise from the policy itself, Mississippi jurisprudence, and duties implied in every contract in Mississippi.

**30.**

Plaintiff has now suffered covered losses under the Policy.

**31.**

Centauri Specialty Insurance Company breached its contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by:

   a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

   b. Purposely and/ or negligently misrepresenting to Plaintiff the terms and conditions of the Policy;

   c. Failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing;

   d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

   e. Failing to include adequate overhead and profit in its estimates of damages.

**32.**

Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy.

## B. Bad Faith

**33.**

Plaintiff realleges and re-avers the allegations contained in paragraphs 1-32, above, as if restated herein.

**34.**

Defendant, at all relevant times, owed a duty of good faith and fair dealing to Plaintiff in the handling and administration of its property damage claim.

**35.**

The actions and/ or inactions of Centauri Specialty Insurance Company in failing to timely and adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with the Mississippi Insurance Code, making Centauri Specialty Insurance Company liable for bad faith penalties.

**36.**

Defendant Centauri Specialty Insurance Company breached this duty by failing to provide payment for property damage in a reasonable manner.

**37.**

There was no good faith arguable basis for positions taken by Defendant for all denials and delays of payment for coverage.

**38.**

Defendant either knew or should have known that Plaintiff suffered a property loss and should have made payments on the claim without unreasonable and avoidable delay.

**39.**

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by Plaintiff, and but for their breach the harm suffered by Plaintiff would have been avoided.

**40.**

Defendant's refusal to tender payment was deliberate, without excuse or justification, and therefore shows bad faith conduct under the laws of the State of Mississippi.

### C. DAMAGES

**41.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

**42.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred the following, non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Additional living expenses;

    f. Mental anguish;

    g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## VI. JURY DEMAND

**43.**

Plaintiff demands a trial by jury to resolve all fact issues in this case Plaintiff request that this matter be tried before a jury.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from said Defendant, jointly and severally, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

**WEBSTER VICKNAIR MACLEOD**

By: _____
JASON C. WEBSTER
MS Bar no. 100920
6200 Savoy Dr. Ste. 150
Houston, Texas 77036
(713) 581-3900 (telephone)
(713) 581-3907 (facsimile)
filing@thewebsterlawfirm.com

IN THE CIRCUIT COURT OF JACKSON COUNTY
STATE OF MISSISSIPPI

NATALIE CROCKETT     PLAINTIFF

VS.     CAUSE NO. 23-156(KJ)

CENTAURI SPECIALTY INSURANCE COMPANY     DEFENDANT

JURY TRIAL DEMANDED

## SUMMONS

**STATE OF MISSISSIPPI**

TO:     Centauri Specialty Insurance Company
c/o Renee Caldecott
840 Trustmark Building, 248 E. Capitol Street
Jackson, MS 39201

### NOTICE TO DEFENDANT

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Jason C. Webster, Webster Vicknair MacLeod, 6200 Savoy Drive Suite 150, Houston, Texas 77036. **Correspondence address: Webster Vicknair MacLeod, 6200 Savoy Drive, #150, Houston, Teas 77036.**
Your response must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint, or a Judgement by Default will be entered against you for the money or other things demanded in the Complaint.

You must file the original of your response with the Clerk of the Court within a reasonable time afterward.

Issued by my hand and the seal of said Court, this the 26th day of Sept., 2023.

Randy Carney   By:
Melissa Lanning D.C.
CLERK OF JACKSON COUNTY, MISSISSIPPI

(Seal)

RECEIVED THIS THE _____ DAY OF _____, 20_____.

BY: _____
    (Law Enforcement Officer)

_____
(Law Enforcement Agency)

## **LAW ENFORCEMENT OFFICER'S RETURN**

State of Mississippi
County of _____

    ( ) I personally delivered copies of the Summons and Petition on the _____ day of _____, 20_____, to: _____
_____.

    ( ) After exercising reasonable diligence I was unable to deliver copies of the Summons and Petition to _____ within _____ County, Mississippi. I served the Summons and Petition on the _____ day of _____, 20____, by leaving a true copy of the Summons and Petition with _____, (wife, husband, son, daughter, other), a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Petition, and thereafter on the _____ day of _____, 20_____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

    ( ) I was unable to serve the summons and petition.

    This the _____ day of _____, 20_____.

_____
Law Enforcement Officer

**AFFIDAVIT OF SERVICE**

| Case:<br>30CI1:23-CV-00156-KJ | Court:<br>In the Circuit Court of Jackson County, Mississippi | County:<br>Jackson, MS | Job:<br>9665396 (2023.09.800940 - MSSTATE23) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NATALIE CROCKETT | | Defendant / Respondent:<br>CENTAURI SPECIALTY INSURANCE COMPANY | |
| Court Records Research Inc<br>PO Box 3796<br>Houston, Tx 77253 | | | |
| To be served upon:<br>Centauri Specialty Insurance Company c/o Renee Caldecott | | | |

I, Charles Lindsay, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Centauri Specialty Insurance Company c/o Renee Caldecott, 248 E Capitol St 840 Trustmark Building, Jackson, MS 39201

**Manner of Service:** Registered Agent, Sep 28, 2023, 12:13 am CDT

**Documents:** Summons and Complaint (Received Sep 28, 2023 at 1:57pm CDT)

**Additional Comments:**
1) Successful Attempt: Sep 28, 2023, 12:13 am CDT at 248 E Capitol St 840 Trustmark Building, Jackson, MS 39201 received by Centauri Specialty Insurance Company c/o Renee Caldecott. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'4"; Hair: Brown; Eyes: Hazel;

_____     OCT 03 2023
Charles Lindsay              Date

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public
MAR 01 2025
Date Commission Expires

*[Notary seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 289851, JASON SMITH, Commission Expires March 1, 2025, RANKIN COUNTY]*